**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

|  |  |
|---|---|
| ERICA CARTER, | * * * |
| Plaintiff, | * * |
| v. | * Civil Case No.: SAG-25-04292 |
| | * |
| THE ARC OF CARROLL COUNTY, | * * |
| Defendant. | * * |

\* \* \* \* \* \* \* \* \* \* \* \* \*

**MEMORANDUM OPINION**

Plaintiff Erica Carter ("Plaintiff"), who is self-represented, filed this action against The Arc of Carroll County ("Defendant") alleging race-based discrimination and retaliation pursuant to Title VII. ECF 1. Defendant has filed a motion to dismiss, claiming Plaintiff's complaint is untimely. ECF 9. Plaintiff filed an opposition to the motion. ECF 11. For the reasons described below, Defendant's motion must be granted.

Plaintiff received a 90-day right to sue letter from the EEOC on September 23, 2025 according to the allegations in her Complaint. ECF 1 at 7. Plaintiff alleges that she attempted unsuccessfully to file her Complaint electronically on December 23, 2025 before coming to the courthouse to file it successfully on December 30, 2025. *Id.* at 9–10.

Title VII discrimination claims must be filed within 90 days of receipt of a right to sue letter, 42 U.S.C. § 2000e–5(f)(1), and that deadline is strictly enforced. *Baldwin Cnty. Welcome Ctr. v. Brown*, 466 U.S. 147, 152 (1984); *see also Moulden v. Tangherlini*, Civ. No. RDB-14-3506, 2015 WL 8757609, at *2 (D. Md. Dec. 15, 2015) ("Courts strictly enforce the ninety day filing requirement, even if the plaintiff is *pro se*."); *Harvey v. City of New Bern Police Dep't*, 813 F.2d 652, 654 (4th Cir. 1987) (describing that a complaint filed ninety-one days after receipt of notice

was untimely). The Supreme Court has counseled that "[i]n the long run, experience teaches that strict adherence to the procedural requirements specified by the legislature is the best guarantee of evenhanded administration of the law." *Mohasco Corp. v. Silver*, 447 U.S. 807, 826 (1980)). While equitable tolling can be available, it applies "only in 'those rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation period . . . and gross injustice would result.'" *Kramer v. Bd. of Educ. of Balt. Cnty.*, 788 F. Supp. 2d 421, 426 (D. Md. 2011) (quoting *Rouse v. Lee*, 339 F.3d 238, 246 (4th Cir. 2003) (en banc)); *see also Crabill v. Charlotte Mecklenburg Bd. of Educ.*, 423 F. App'x 314, 321 (4th Cir. 2011) (noting that equitable tolling applies in two kinds of situations: "In the first, the complainant has been induced or tricked . . . into allowing the filing deadline to pass. In the second, 'extraordinary circumstances beyond the plaintiffs' control made it impossible to file the claims on time.'") (internal citations omitted) (quoting *Harris v. Hutchinson*, 209 F.3d 325, 330 (4th Cir. 2000)).

Here, Plaintiff does not allege any type of inducement, trickery, or extraordinary circumstances beyond her control, and the record is clear that she was made aware of the correct filing deadline in the right to sue letter.[1] Even her attempt to file her complaint on December 23, 2025 was untimely, as her deadline expired on December 22, 2025, and her eventual filing days later was also untimely. Thus, there is no basis for equitable tolling, and her claims are barred as untimely filed.

---

[1] Plaintiff's opposition simply discusses the potential merits of her claims and does not address the procedural issues that are the basis of Defendant's motion. ECF 11.

2

Accordingly, Defendant's motion will be granted, and Plaintiff's Complaint will be dismissed with prejudice. A separate order follows.

Dated: April 22, 2026                                    /s/                                    
                                                    Stephanie A. Gallagher
                                                    United States District Judge